**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julian Huerta CORTINAS and Esteban Angel, Jr., Defendants–Appellants.**

Nos. 01–3783, 01–4168.

United States Court of Appeals,
Sixth Circuit.

Sept. 4, 2003.

Joseph R. Wilson, Asst. U.S. Attorney, U.S. Attorney's Office, Toledo, OH, for Plaintiff–Appellee.

Robert J. Dunn, Bay City, MI, Jeffrey M. Gamso, Gamso, Helmick & Hoolahan, Toledo, OH, for Defendants–Appellants.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

KEITH, Circuit Judge.

Defendants Esteban Angel, Jr. (No. 01–4168) and Julian Huerta Cortinas (No. 01–3783) pled guilty to conspiracy to distrib-

---

* The Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation.

ute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Angel argues that the district court erred in denying his request for an offense level reduction pursuant to U.S.S.G. § 2D1.1(b)(6). Cortinas argues that he was sentenced to a mandatory minimum pursuant to a statute that was rendered unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that his sentence was unconstitutional because the indictment did not specify the quantity of drugs attributable to him. For the reasons stated below, we AFFIRM the sentences given to Angel and Cortinas.

## I. BACKGROUND

From 1992 to 1994, Esteban Angel and Julian Cortinas participated in a drug conspiracy with Teodulo Cortinas and twelve other individuals. Angel and Julian Cortinas regularly obtained substantial quantities of cocaine, marijuana, and heroin that had been smuggled into the United States from Mexico. Angel and Julian Cortinas would pick up the drugs in Texas and transport them to northwest Ohio, southeast Michigan, and various other locations, where the drugs were then sold for a substantial profit. The indictment stated that Angel and the Cortinas brothers delivered 2,550 pounds of marijuana[1] to an unindicted co-conspirator between 1992 and 1994.

Angel admitted that he delivered marijuana and picked up money on two separate occasions. Julian Cortinas supplied and transported large quantities of marijuana to the Toledo, Ohio area in the early 1990s. Cortinas stipulated that he conspired to possess with intent to distribute between 3,000 and 10,000 kilograms of marijuana.

On April 13, 2000, Angel and the Cortinas brothers were indicted on charges of conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. All three men pled guilty to these charges in January of 2001. Angel filed a motion seeking a reduction in offense level pursuant to U.S.S.G. § 2D1.1(b)(6). The district court denied the motion and sentenced Angel to 46 months' imprisonment. Julian Cortinas and Teodulo Cortinas received sentences of 70 months and 60 months, respectively.

All three defendants filed timely notices of appeal. On August 26, 2001, counsel for Teodulo Cortinas filed an *Anders* brief and motion to withdraw. Teodulo Cortinas's appeal is not before the court at this time.

## II. DISCUSSION

### A. Standard of Review

We review a district court's interpretation of the sentencing guidelines *de novo*. *See United States v. Sanchez*, 928 F.2d 1450, 1458 (6th Cir.1991). The district court's findings of fact at a sentencing hearing will not be set aside unless they are clearly erroneous. *See United States v. Moored*, 38 F.3d 1419, 1423 (6th Cir. 1994). A factual finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

The issue of whether *Apprendi* requires a remand for resentencing is a question of law that is normally reviewed *de novo*. However, where the appellant did not raise his *Apprendi* claim in the district court, we

---

**1.** The indictment did not state exactly how much marijuana was attributable to defen-dant Julian Cortinas.

are confined to plain error review. *See United States v. Harris*, 293 F.3d 970, 974 (6th Cir.2002).

## B. Analysis

### 1. Defendant Esteban Angel, Jr.

■ U.S.S.G. § 2D1.1(b)(6) provides for an offense level reduction if five criteria are met. The provision at issue here requires in pertinent part that

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan....

U.S.S.G. § 5C1.2. The district court found that defendant Angel had not satisfied this requirement because the information he provided, while truthful, was incomplete. The police officer who interviewed Angel testified that Angel was unable to give him the last names of any of the people with whom Angel had interacted during the course of the conspiracy, including several of Angel's relatives.

The district court explained that it understood the word "truthfully" to mean "not just ... that what he says is honest, but that it is comprehensive as well. Basically he tells what he knows in response to the questions that are asked." J.A. at 152. The district court also noted that the relevant provision in the sentencing guidelines "does refer to all information and evidence he has concerning the offense or offenses. It doesn't say information that he's willing to make the government aware of." J.A. at 153. The district court found that Angel had withheld information from the Government. Addressing defense counsel, the district court stated: "I think your client knew more than he told." J.A. at 151.

Angel contends that the district court misinterpreted § 5C1.2 by defining the word "truthfully" to require completeness in addition to honesty. We need not address this argument, because § 5C1.2 clearly requires that the defendant provide the Government with "*all* information and evidence the defendant has." The district court found that Angel had not provided the Government with all of the information that he had. We do not think this finding was clearly erroneous, and Angel himself does not dispute that he withheld information.

### 2. Defendant Julian Huerta Cortinas

■ "Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir.1995). In his plea agreement with the Government, Defendant Julian Cortinas "knowingly, voluntarily, and expressly waive[d] the right to appeal his sentence on any ground...." Plea Agreement, ¶ 12, J.A. at 120. Cortinas reserved the right to appeal any punishment imposed in excess of either the statutory maximum or the terms of the plea agreement, or any upward departure from the applicable guideline range. Plea Agreement, ¶ 12, J.A. at 121.

We conclude that Cortinas did not reserve the right to appeal a sentence of 70 months. The plea agreement did not include a term of imprisonment. The district court determined that the Sentencing Guidelines range was 70 to 87 months; it did not depart upwardly in sentencing Cortinas to 70 months. As for the statutory maximum, the indictment charged Cortinas with conspiracy "to distribute and possess with intent to distribute cocaine, a schedule II controlled substance, and marijuana and heroin, schedule I controlled substances, in violation of Title 21 United States Code § 841(a)(1)." J.A. at 81. Accordingly, he faced a statutory maximum

sentence of 20 years. *See* 21 U.S.C. § 841(b)(1)(C). Therefore, Cortinas has waived his right to appeal his sentence, and we need not address his substantive claims.

### III. CONCLUSION

For these reasons, we AFFIRM the Defendants' sentences.